**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**DIVISION**

| | | |
|---|---|---|
| **STEPHANIE COOK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:** |
| **EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND SYNCHRONY FINANCIAL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## Complaint for Damages

Plaintiff ("Plaintiff") files her Complaint for Damages against the Defendants Equifax Information Services, LLC, Trans Union Corporation, Experian Information Solutions, Inc. and Synchrony Financial under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), to obtain statutory, actual, and punitive damages, costs and attorney's fees for Defendants' violation of the FCRA.

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FCRA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants all regularly do business with individuals and entities residing in this District.

**Parties**

6. Plaintiff is a natural person residing in Byron, Georgia, which is located in Peach County, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC ("Equifax") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Summons and Complaint may be served on Equifax by service on its registered agent for service of process in Georgia, Lisa Stockard at 1550 Peachtree Street NW, Atlanta, GA 30309, or wherever they may be found.

9. Defendant Trans Union, LLC ("Trans Union") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10. Summons and Complaint may be served on Trans Union by service on its registered agent for service of process in Georgia, Prentice-Hall Corporation Syst 40 Technology Parkway South No. 300, Norcross, GA, 30092, USA, or wherever they may be found.

11. Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

12. Summons and Complaint may be served on Equifax by service on its registered agent for service of process in Georgia, CT Corporation System 289 S Culver St, Lawrenceville, GA, 30046-4805, USA, or wherever they may be found.

13. Defendant Synchrony Financial ("Synchrony") is a national financial institution doing business in Georgia and is a "furnisher" as that term is defined by 15 U.S.C. § 1681s-2.

14. Summons and Complaint may be served on Synchrony by service on its registered agent for service of process Corporation Trust Company at 1209 Orange Street, City of Wilmington, Delaware, Newcastle County, 19801, or wherever they may be found.

## Facts

15. On or about November 16, 2014 the Plaintiff opened a charge account with Synchrony.

16. Plaintiff's account with Synchrony was a Walmart branded credit card.

17. Plaintiff's account with Synchrony was assigned an account number ending in 7456.

18. The purpose of Plaintiff's account with Synchrony was to purchase personal, family, or household items and Plaintiff used the charge account for only those purposes.

19. Plaintiff sent Synchrony a check for the full balance of the account on or about May 27, 2017.

20. Synchrony successfully negotiated the check.

21. A true and accurate copy of the check sent by Plaintiff and negotiated by Synchrony is attached hereto as Exhibit "A." Plaintiff notes account numbers and other information has been redacted from Exhibit "A."

22. Synchrony continued to demand payments from Plaintiff despite receiving the check and depositing the same.

23. Synchrony threatened Plaintiff with negative credit reporting unless she continued to make payments ostensibly while Synchrony waited for the check to clear through their system.

24. Plaintiff overpaid Synchrony and has demanded the excess payments be returned.

25. Plaintiff sent Synchrony multiple letters bringing this to Synchrony's attention, which went ignored by Synchrony.

26. Rather than reviewing Plaintiff's documentation, Synchrony began to furnish inaccurate information to various credit bureaus regarding Plaintiff's account.

27. Synchrony reported Plaintiff had a past due balance on her Synchrony account with the other Defendants.

28. The information Synchrony reported to the other Defendants was false, misleading, deceptive, and otherwise inaccurate.

29. Upon discovering Synchrony's reporting of false, misleading, deceptive, and otherwise inaccurate information, Plaintiff sent a dispute to Equifax, Trans Union, Experian, and Synchrony.

30. Plaintiff's dispute was received by each of the Defendants.

31. With Plaintiff's dispute, she enclosed copies of the check attached hereto as Exhibit "A" demonstrating the account had been paid off.

32. Defendants Equifax, Trans Union, and Experian notified Synchrony of Plaintiff's dispute.

33. Alternatively, Defendants Equifax, Trans Union, and Experian did not notify Synchrony of Plaintiff's dispute.

34. Plaintiff received investigation results from Defendants Equifax, Trans Union, and Experian, which did not change any of the reporting other than to show Plaintiff disputed the account.

35. Defendants Equifax, Trans Union, and Experian continued to list Plaintiff's Synchrony account as an adverse account or otherwise indicate the account was delinquent despite Plaintiff's proof otherwise.

36. Synchrony did not respond to Plaintiff's dispute.

37. Synchrony has since sold the account to a debt buyer and communicated to the debt buyer the account has a balance when it does not.

38. Plaintiff sent a second dispute to all Defendants again attaching a copy of the payoff check attached as Exhibit "A."

39. Despite the second dispute, Defendants Equifax, Trans Union, and Experian continue to list Plaintiff's Synchrony account as an adverse account or otherwise indicate the account was delinquent despite Plaintiff's proof otherwise.

40. Synchrony's credit reporting is misleading and deceptive because Plaintiff owed nothing to Synchrony after Synchrony negotiated the payoff check.

41. Defendants Equifax, Trans Union, and Experian did not conduct a proper or adequate reinvestigation, but simply parroted information furnished to them by Synchrony.

42. All Defendants have caused Plaintiff's credit file and consumer reports to be marred by false and misleading information rendering those reports inaccurate through their willful and/or negligent acts and omissions.

43. As a result of the inaccurate reporting by Defendants regarding this debt, Plaintiff has been unable to obtain housing and been denied credit.

## Causes of Action

### Count I – Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681e(b) and 1681i
### (EQUIFAX, TRANS UNION, and EXPERIAN)

44. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

45. Defendants Equifax, Trans Union, and Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

46. Defendants Equifax, Trans Union, and Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation

by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

47. As a result of Defendants Equifax, Trans Union, and Experian's violations of 15 U.S.C. §§ 1681e(b) and 1691i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o along with her costs and attorneys' fees.

48. Defendants Equifax, Trans Union, and Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**Count II – Violations of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681s-2(b)**
**(SYNCHRONY)**

49. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

50. Synchrony willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

51. As result of Synchrony's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is there entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

52. Synchrony's actions and missions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

53. Plaintiff is entitled to recover costs and attorneys' fees from Synchrony pursuant to 15 U.S.C. §§ 1681n and 1681o.

## <u>Count III – Money Had and Recieved</u>
## (SYNCHRONY)

54. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

55. Synchrony solicited and obtained additional payments from Plaintiff in excess of the amounts Plaintiff was contractually obligated to pay.

56. Synchrony solicited and obtained these additional payments from Plaintiff under the auspices such payments would be refunded once the payoff check cleared.

57. Synchrony has refused to return the additional payments it solicited from Plaintiff.

58. Synchrony has no legal basis or claim to the additional payments from Plaintiff.

59. In good conscience and equity, Synchrony should return the additional payments to Plaintiff.

## Demand for a Jury Trial

60. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $25,000.00;

b) The award of costs and reasonable attorneys' fees in an amount to be proven at trial but in excess of $5,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted July 4, 2018.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 1834
Perry, GA 31069
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA )

) ss

COUNTY OF PEACH )

Pursuant to 28 U.S.C. § 1746, Plaintiff Stephanie Cook, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2018

Month Day Year

Signature